IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **MARVIN JAMES** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **2:05-CV-451-T** |
| **LEON FORNISS, ET AL.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## SPECIAL REPORT

COME NOW the Defendants, **Leon Forniss, Donal Campbell and Troy King,** by and through undersigned counsel, and in accordance with this Honorable Court's June 21, 2005 Order, offer the following written report.

## PARTIES

1. The Plaintiff, Marvin James is an inmate of the Alabama Prison System.

2. Defendant Donal Campbell is Commissioner of the Alabama Department of Corrections.

3. Defendant Troy King is the Attorney General of the State of Alabama.

4. Defendant Leon Forniss is Warden III at the Staton Correctional facility.

## EXHIBITS

EXHIBIT 1 – Affidavit of Leon Forniss.

EXHIBIT 2 – Affidavit of Annie Latimore

## PLAINTIFF'S CLAIMS

Plaintiff attempts to bring claims for overcrowding, deliberate indifference, cruel and unusual punishment, violations of the Americans with Disabilities Act, and retaliation. The gist of Plaintiff's complaints appears to arise out of his perception of the conditions found at Staton Correctional Facility. Plaintiff demands $900,000 in damages

## DEFENDANTS' RESPONSE

1.    The Defendants deny that they violated the Plaintiff's constitutional rights.

2.    The Defendants deny each and every material allegation not specifically admitted herein and demand strict proof thereof.

3.    The Plaintiff has failed to state a claim upon which relief may be granted.

4.    The Plaintiff makes no specific allegations against Attorney General King, Commissioner Campbell, or Warden Forniss.

5.    The Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.

6.    The Defendants are immune from suit due to qualified immunity.

7.    Defendants are immune from suit under Article I, § 14 of the <u>Alabama Constitution</u> (1901).

8.    Defendants are immune from suit due to discretionary function immunity

## STATEMENT OF FACTS

Staton Correctional Facility has five dormitories in the main camp. Dorm E is an open dormitory type setting that houses 200 inmates with 16 toilets, 27 sinks, 6 showers and two urinals. Dormitories A, B, C, and D are bay style settings with three bays per

dorm each housing 68 inmates for a total of 204 per dorm. There are three toilets, three sinks and 2 urinals in each bay. Each inmate at Staton is assigned a bed. There is no merit or validity to Plaintiff's claim that there is a lack of sleeping quarters. (Exhibit 1, pp.1-2).

There are no disabled or handicapped inmates housed at Staton. Any inmate that is diagnosed or shown to be disabled or handicapped is transferred to the State's Aged and Infirmed Facility at Hamilton. (Exhibit 1, p. 2).

Plaintiff is a chronic care inmate that is treated for hypertension, high cholesterol and seizures. Plaintiff is on the following medications: Dilantin, Atenolol, Niacin, Nitroglycerine, Aspirin and Lopid. Plaintiff uses a cane due to degenerative joint disease (arthritis) of the back. All current medical reports indicate that plaintiff's back and hip are stable. (Exhibit 1, p. 2).

Plaintiff arrived at Staton Correctional Facility from Easterling Correctional Facility on July 12, 2004. Plaintiff has been assigned to G dormitory since his arrival. G Dormitory houses 360 inmates and is set apart from the main camp. G Dorm is an open dormitory type setting with 18 toilets, 19 sinks, 6 urinals and 19 showers. G Dorm is equipped with a handicapped ramp access to the restroom area. There are no railings or bars in the shower area. (Exhibit 1, p. 2).

As shift manning allows, there are at least three officers assigned to G dorm per shift. (Exhibit 1, p.2)

Staton currently has the grave site for inmate burial from institutions within the South, Central and Northern Regions of Alabama depending on circumstances. Inmates that are buried on the grounds are embalmed and placed in a vault for burial in

accordance with departmental regulations.    (Exhibit 1, pp.2-3; Exhibit 2 with attachments)

Staton's water supply is connected to the Elmore County Water Waorks. The chlorination and filtration of the water supply is maintained through Elmore County and Five Star Water purification. It is checked for contamination on a daily basis. The Alabama Department of Corrections does not issue bottled water to employees. (Exhibit 1, p. 3).

Staton has one physician, one physician assistant and one nurce practitioner on staff contracted through Prison Health Service. They share in the responsibility of providing medical care to the inmate population. At no time have any of the defendants violated any well-established civil rights of Plaintiff. (Exhibit 1, p.3).

## ARGUMENT

This case should also be dismissed because the Defendants are immune from suit. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment therefore not only bars suits against a state by citizens of another state, but also bars suits against a state by that state's own citizenry. *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 1355 (1974) and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984). "For

example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State; thus, the Defendants should be dismissed based on immunity.

In addition, the Defendants are protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)). *Wilson, supra* (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also Pinkney v. Davis*, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity). The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Wilson*, 163 F.3d at 1295, *quoting Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878 (1979). The Defendants have not violated Plaintiff's clearly established rights; thus, they are entitled to qualified immunity.

Section 6-5-338 of the Alabama Code also extends discretionary-function immunity to law-enforcement officers "unless the officer's conduct is so egregious as to amount to willful or malicious conduct or conduct engaged in bad faith." *Couch v. City of Sheffield*, 708 So.2d 144

(Ala. 1998). Under section 6-5-338, the court must first ask whether the officer was engaged in a discretionary function. If so, the burden shifts to the plaintiff to show that the state officer acted in bad faith, with malice or willfulness in order to deny immunity. *McClure v. Houston County, AL.,* 306 F. Supp. 2d 1160 (M.D. Ala. 2003); *Sheth v. Webster,* 145 F.3d 1231 (11th Cir. 1998).

To properly allege the constitutional violations plaintiff attempts to assert in this case, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious . . . needs." *Calhoun v. Thomas,* --- F.Supp.2d ----, 2005 WL 646803 (M.D. Ala. 2005); *Estelle v. Gamble,* 429 U.S. 97, 106 S.Ct. 285 (1976). "Deliberate indifference" requires that the official know of and disregard an excessive risk to inmate health or safety. *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The official "must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (emphasis added). Deliberate indifference contemplates a state of mind more blameworthy than negligence. *Id.* at 835, 114 S.Ct. at 1978.

The Eighth Amendment "does not authorize judicial reconsideration of every governmental action affecting the interests or well-being of a prisoner." *Calhoun v. Thomas,* --- F.Supp.2d ----, 2005 WL 646803 (M.D. Ala. 2005); *Miller v. King,* 384 F.3d 1248, 1260 (11th Cir.2004) (internal quotations omitted) (quoting *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986)). Prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain. *Hope v. Pelzer,* 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002); *Farrow v. West,* 320 F.3d 1235 (11th Cir.2003). To demonstrate an Eighth Amendment violation with respect to conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry. *Miller,* 384 F.3d at 1261. Under the objective inquiry, he must prove that he was denied the "minimal civilized

measure of life's necessities." *Id.* (quoting *Chandler v. Crosby,* 379 F.3d 1278, 1289-90 (11th Cir.2004)). The condition challenged condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." *Chandler,* 379 F.3d at 1289-90. Under the subjective component, the prisoner must prove that the prison official acted with "deliberate indifference" in disregarding that risk. *Farmer,* 511 U.S. at 837, 114 S.Ct. at 1979. Plaintiff in this case can satisfy neither the objective inquiry nor the subjective inquiry.

The allegations made by plaintiff in the case at bar simply do not rise to the level required by law to maintain an action. There is nothing to suggest that any defendant is *both* aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, or that he drew that inference. In fact, there is no evidence at all concerning the defendants' knowledge. Plaintiff cannot establish that any defendant has been deliberately indifferent to Plaintiff's medical needs. Plaintiff simply cannot meet his burden for bringing this type of action.

Further, "[t]he State of Alabama, its agencies, and its officials acting in their official capacities are not considered 'persons' for purposes of an action for damages under 42 U.S.C. § 1983." *State Dep't of Pub. Safety v. Sexton,* 748 So.2d 200 (Ala. Civ. App. 1998) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)). Therefore, Plaintiff's claims for damages from Warden Mosley under any § 1983 claim are prohibited by law.

## CONCLUSION

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law.  WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the claims against them.

Respectfully submitted,

TROY KING (KIN047)
Attorney General

/s/ Benjamin H. Albritton
Benjamin H. Albritton (ALB008)
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 29th day of July, 2005, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Marvin James
Staton Correctional Facility
P.O. Box 56
Elmore, AL 36023

/s/ Benjamin H. Albritton
Benjamin H. Albritton
Assistant Attorney General